UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEPHANIE CULLITON,

        Plaintiff,

    v.

QUICKEN LOANS INC.,

        Defendant.

Civil Action No. _____ 1:15-CV-172 (Keeley)

Electronically Filed: 09/24/2015

## NOTICE OF REMOVAL

Defendant Quicken Loans Inc. ("Quicken Loans"), by and through its undersigned counsel, hereby provides notice of removal of the above-captioned case from the Circuit Court of Monongalia County, West Virginia to the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446.  Pursuant to 28 U.S.C. § 1441, this case is removable because it presents claims that arise under the laws of the United States, and therefore satisfies the requirements of 28 U.S.C. § 1331.  This case is also removable under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.

As grounds for removal, Quicken Loans states as follows:

## BACKGROUND

1.  On or about September 1, 2015, Plaintiff Stephanie Culliton ("Plaintiff") filed the Complaint in this action in the Circuit Court of Monongalia County, West Virginia, case number 15-C-543 (the "Action").

2.  On September 4, 2015, Plaintiff served Quicken Loans, through its registered agent, with the Summons and Complaint.

3.   The Complaint alleges purported wrongdoing arising from "at least 20" telephone calls that Quicken Loans allegedly made to Plaintiff's cellular telephone between July 24, 2015 and September 1, 2015.  *Id.* ¶¶ 17–24.

4.   Based on those calls, the Complaint purports to assert three counts against Quicken Loans: (1) one count for violation of the Telephone Consumer Protection Act ("TCPA"), 27 U.S.C. § 227 *et seq.*, (2) one count for violation of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), W. Va. Code § 46A-1-101 *et seq.*, and (3) one count for injunctive relief.  Compl. ¶¶ 28–33.

5.   As relief in the Action, Plaintiff seeks statutory damages, injunctive relief and attorneys' fees.  *Id.* ¶¶ 34–38.  Specifically, she alleges that, in connection with each of the challenged telephone calls, Quicken Loans "willfully or knowingly" violated the TCPA, entitling her to statutory damages of up to $1,500 for each call.  *Id.* ¶¶ 30, 34–35, 37.  She also alleges that each telephone call was a violation of the WVCCPA, entitling her to "full statutory damages [up to $3,000]" per call.  *Id.* ¶¶ 8, 37–38.  Additionally, Plaintiff seeks an injunction "restrain[ing] Defendant] from engaging in future telemarketing violations of the TCPA and WVCCPA" and "requir[ing Defendant] to follow West Virginia registration and bonding requirements."  *Id.* ¶¶ 34–35.

## STATUTORY REQUIREMENTS FOR REMOVAL

6.   Quicken Loans is removing this matter pursuant to 28 U.S.C. § 1441(a), which provides that any civil action over which the United States District Courts have original jurisdiction may be removed to the appropriate United States District Court.  This Court has original federal question jurisdiction over this matter because it is a civil action "arising under the . . . laws . . . of the United States."  28 U.S.C. § 1331.  Further, this Court has diversity jurisdiction because this is a civil action between "citizens of different States" in which "the

matter in controversy exceeds . . . $75,000, exclusive of interest and costs." *Id.* § 1332(a).

**A.    Federal Question Jurisdiction**

7.   This Court has original jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Ms. Culliton's TCPA claims "plainly 'aris[e] under' the 'laws . . . of the United States.'"  *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. __ (2012), 132 S. Ct. 740, 748 (2012).  In *Mims*, the Supreme Court held that the TCPA gives rise to federal question jurisdiction because "federal law creates the right of action and provides the rules of decision."  *Id.*  The Supreme Court's decision in *Mims* confirms that the Action is removable pursuant to 28 U.S.C. § 1331.

8.   Moreover, Plaintiff's inclusion of a state law claim for violation of the WVCCPA does not preclude federal question removal because both her state and federal law claims arise out of the same alleged conduct.  This Court therefore has supplemental jurisdiction over Plaintiff's WVCCPA claim pursuant to 28 U.S.C. § 1367(a).  *See* Compl. ¶¶ 28–30; *Bailey v. SLM Corp.*, 2012 WL 1598059, at *5 (S.D. W. Va. 2012) (exercising federal question jurisdiction over TCPA claims and supplemental jurisdiction over WVCCPA claims).

9.   Plaintiff's state law claim neither raises novel or complex issues of state law nor substantially predominates over her federal claims.  *See* 28 U.S.C. § 1367(c).

10. Therefore, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. §§ 1331 and 1367(a).

**B.    Diversity Jurisdiction Under 28 U.S.C. § 1332(a)**

11. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between the parties and (2) the amount in controversy exceeds $75,000.

**1.    Complete Diversity of Citizenship Exists between the Parties.**

12. Complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332(a)(1).

13. As alleged in her Complaint, Plaintiff is a citizen of the State of West Virginia. Compl. ¶ 10.

14. Quicken Loans is a Michigan corporation, with its principal place of business in Detroit, Michigan.  Therefore, for the purposes of determining diversity jurisdiction, Quicken Loans is considered a citizen of Michigan.  *See* 28 U.S.C. § 1332(c)(1); Compl. ¶ 11 (alleging that "Quicken Loans is a foreign for-profit company.").

15. As Plaintiff is a citizen of West Virginia, and Quicken Loans is a citizen of Michigan, complete diversity exists between the parties.

## 2.     The Amount in Controversy Exceeds $75,000.

16. The amount in controversy for Plaintiff's claims, exclusive of interest and costs, exceeds the $75,000 jurisdictional threshold.  *See* 28 U.S.C. § 1332(a).

17. Plaintiff alleges that Quicken Loans made "at least 20" calls to her cellular telephone in violation of the TCPA.  Compl. ¶¶ 22, 30.  Plaintiff further alleges that each "violation[] of the TCPA [was] committed willfully or knowingly by Defendant or its agents."  *Id.* ¶ 30.  And, based upon these allegations, Plaintiff seeks "statutory damages of [up to] $1,500" per call.  *Id.* ¶ 37.

18. Multiplying the minimum number of alleged calls to Plaintiff's cellular phone (20) by the $1,500 statutory damages sought by Plaintiff gives rise to an amount in controversy of $30,000 on her TCPA claim.

19. Plaintiff also alleges that each of the challenged calls constitutes an independent violation of the WVCCPA purportedly entitling her to additional statutory damages.  *Id.* ¶¶ 25, 28–29.  Specifically, Plaintiff seeks "full statutory damages for each violation of the WVCCPA."

*Id.* ¶ 38.  The WVCCPA authorizes statutory damages up to $3,000 per violation, adjusted for inflation since July 1, 1998 using the Consumer Price Index ("CPI").  *Id.* ¶ 8(b); W. Va. Code § 46A-6F-701(a).  From July 1998 to August 2015, the Urban CPI for the United States rose from approximately 162.8 to 237.931, a 46% increase.  *See* Bureau of Labor and Statistics CPI, *available at* http://data.bls.gov/pdq/querytool.jsp?survey=cu.

20.  Therefore, adjusting the WVCCPA statutory damages for inflation, the alleged statutory damages for each purported violation is at least $4,373.[1]

21.  Multiplying the minimum number of alleged calls to Plaintiff's cellular phone (20) by the $4,373 per violation statutory damages sought by Plaintiff puts an additional $87,460 in controversy on her WVCCPA claims.  This amount, coupled with the $30,000 in statutory damages sought as part of Plaintiff's TCPA claim, brings the aggregate statutory damages in controversy to $117,460.  This amount in controversy is well in excess of the $75,000 jurisdictional threshold.  28 U.S.C. § 1332(a).

22.  Statutory damages are not all that Plaintiff seeks.  As noted, she also seeks broad "injunctive relief" "restrain[ing Defendant] from engaging in future telemarketing violations" and "requir[ing Defendant] to follow West Virginia registration and bonding requirements" for telemarketers.  Compl. ¶¶ 31–35.

23.  The value of this injunctive relief also counts toward the jurisdictional threshold, and confirms that it is exceeded here.  Indeed, courts must value "requests for injunctive relief . . . in determining whether the plaintiff has alleged a sufficient amount in controversy" for diversity

---

[1]  Quicken Loans uses this inflation adjusted calculation for the maximum statutory damages available under the WVCCPA for purposes of this removal only.  Quicken Loans denies that Plaintiff is entitled to any relief against it in this matter and specifically reserve all rights to contest Plaintiff's alleged statutory and other damages in the future on any applicable grounds, including, without limitation, as to the appropriate method for calculating such damages.

jurisdiction.  *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010).

24. Plaintiff further seeks attorney fees, which also count toward the jurisdictional threshold, and further confirm that the $75,000 jurisdictional amount in controversy threshold is met (and exceeded) here.  *See* Compl. ¶¶ 33, 38; W. Va. Code § 46A-5-104 (permitting recovery of attorneys' fees); *Patton v. Fifth Third Bank*, 2006 WL 771924, at *3 (S.D. W. Va. Mar. 24, 2006) (holding that a reasonable estimate of plaintiff's attorney fees available under WVCCPA § 46A-5-104 is included in the amount in controversy).

25. In sum, the statutory damages, injunctive relief, and attorney fees Plaintiff seeks put an amount in controversy well in excess of the $75,000 jurisdictional threshold.

26. As there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, this Court has diversity jurisdiction over this Action pursuant to 28 U.S.C. § 1332(a).

## PROCEDURAL REQUIREMENTS FOR REMOVAL

27. The procedural requirements for removal are met here.

28. This Action may be removed because it is a civil action within the meaning of the acts of Congress relating to the removal of cases.  *See* 28 U.S.C. § 1441.

29. Removal to this Court is proper pursuant to 28 U.S.C. §§ 129(a) and 1441(a), because the United States District Court for the Northern District of West Virginia is the federal judicial district embracing the Circuit Court of Monongalia County, West Virginia, where this action was originally filed.

30. This removal is timely.  Quicken Loans' receipt of the Summons and Complaint on September 4, 2015 was the first notice of the Action and/or federal jurisdiction received by it.  *See* 28 U.S.C. § 1446(b)(1).  This Notice of Removal is being filed on September 24, 2015, within thirty days of Quicken Loans' receipt of the Summons and Complaint in the Action.

31. Pursuant to 28 U.S.C. § 1446(d), Quicken Loans is contemporaneously filing a Notice of Filing of Notice of Removal with the Circuit Court of Monongalia County, West Virginia. Quicken Loans is also serving on Plaintiff's counsel a notice of the removal of this action as well as a copy of the notice filed with the Circuit Court of Monongalia County.

32. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the entire state court docket is attached hereto as Exhibit A.  A true and correct copy of the Summons and Complaint is attached hereto as Exhibit B.  Exhibits A and B include "all process, pleadings, and orders served upon" or sent to Quicken Loans in this action as of the date of this removal.

33. Consent to removal is not required because, among other reasons, Quicken Loans is the only defendant.

34. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  28 U.S.C. § 1446(a).

35. No bond is required in connection with this Notice of Removal.  Nor is it required to be verified.  *See* Judicial Improvements and Access to Justice Act of 1988, Section 1016.

36. The prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met.  If any questions arise as to the propriety of removal of this action, Quicken Loans requests the opportunity to present a brief, oral argument, and any further evidence necessary in support of its position that this case is removable.

37. By filing this Notice of Removal, Quicken Loans does not waive and expressly reserves its right to object to service of process, the sufficiency of process, personal jurisdiction, or venue, and Quicken Loans specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

Respectfully submitted,

Quicken Loans Inc.

By its attorneys,

/s/ Carrie Goodwin Fenwick
Carrie Goodwin Fenwick (W.Va. Bar #7164)
GOODWIN & GOODWIN LLP
300 Summers St., Ste. 1500
Charleston, W. Va. 25301
Tel.: (304) 346-7000
Fax: (304) 344-9692
cgf@goodwingoodwin.com

Dated: September 24, 2015

CERTIFICATE OF SERVICE

I, Carrie Goodwin Fenwick, hereby certify that on September 24, 2015 a true copy of the foregoing Notice of Removal was served by using the Court's CM/ECF System and by ordinary U.S. Mail, postage prepaid upon the following:

Charles R. Pinkerton
Pinkerton Law Practice, PLLC
235 High Street, Suite 817
Morgantown, WV 26505
(304) 933-2113

Dated: September 24, 2015                          /s/ Carrie Goodwin Fenwick
                                                   Carrie Goodwin Fenwick
                                                   (W. Va. Bar #7164)